OPINION OF THE COURT
Martin B. Stecher, J.
Motions 168 and 169 of June 16, 1980 are consolidated for disposition.
Plaintiff moves for summary judgment against the defendant and interpleading plaintiff, European American Bank and Trust Company. The source of the dispute is a check made payable to the interpleaded defendant, Robert Thach. The check under claim of right was indorsed by the plaintiff as attorney in fact for the interpleading defendant and deposited in the plaintiff’s account. The inter-pleaded defendant notified the bank that the indorsement was without authority and the bank declined plaintiff’s demand for payment of the fund. Plaintiff has brought this action against the bank and the bank has sought to inter-plead defensively the interpleaded defendant, Robert Thach.
Thach moves for an order “quashing purported service” of the defensive interpleader, vacating any default judgment entered herein against Thach (none in fact has been *438 entered) and granting leave to intervene in the plaintiff’s action against the bank. The ground offered for “quashing” service of the interpleader is the alleged nonservice of necessary papers. Ordinarily, I would pay scant attention to the hearsay allegations of a litigant’s attorney that the client was not served with process. Here, however, the attorney’s affirmation as to what was or was not served coincides with the affidavit of the process server from which it appears that service was made of the summons and interpleader complaint.
CPLR 1006 provides: “(b) Defensive interpleader. A defendant stakeholder may bring in a claimant who is not a party by serving upon such claimant a summons and interpleader complaint and all prior pleading served in the action.”
There is adequate proof that the summons and inter-pleader complaint were served; there is no proof that “all prior pleadings” served in the . action have been delivered to Thach.
In my judgment failure to deliver prior pleadings is not a jurisdictional defect and is a defect which can be cured. CPLR 1006 (subd [b]) parallels in its requirements the provisions of CPLR 1007 dealing with the initiation of a third-party proceeding. It has been held under CPLR 1007 that the failure to serve “all prior pleadings” is not a jurisdictional defect (Wings & Wheels Express v Sisak, 73 Misc 2d 846) and the reasoning applied by Justice Leo Brown in that case should be applicable to an interpleader action (cf. McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 1006, C1006:3, pp 6-7).
In short, Thach is entitled to prior pleadings but failure to serve them with the summons and interpleader complaint does not deprive the court of jurisdiction over Thach. Thach, it therefore appears, is in default.
The failure to serve the prior pleadings is no impediment to the entry of a default judgment (see L 1978, ch 528, § 4, amdg CPLR 3012 and CPLR 305; Siegel, New York Practice, § 60 [1979-1980 Supp]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, *439 CPLR 3012, C3012:l), as the interpleader complaint clearly informs Thach of the underlying claims and the relief sought.
In the absence of any reported case on the acquisition of jurisdiction under CPLR 1006 (subd [b]), I would be inclined to allow the default to be cured had any merit been demonstrated to Thach’s claim, but no affidavit of merits has been offered.
Thach’s application for leave to intervene is denied as he is already a party by virtue of the interpleader.
Judgment may be entered in favor of the plaintiff in the sum of $22,000 with interest from July 5, 1979; but entry of judgment will be stayed for 20 days after service of a copy of this order with notice of entry. Leave is granted to Thach to renew his motion to cure the default during that period. Renewal, shall be accompanied by an affidavit of merits by a person with knowledge of the facts. Service of this order on Thach’s attorneys, shall be accompanied by copies of all pleadings served herein other than the inter-pleader complaint.