◼ GREEN POINT SAVINGS BANK, Respondent, v 794 UTICA AVENUE REALTY CORP., Appellant, et al., Defendants. [664 NYS2d 744] —In a mortgage foreclosure action, the defendant 794 Utica Avenue Realty Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Golden, J.), dated May 20, 1996, as denied its motion to set aside the judgment of foreclosure and foreclosure sale.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action against, inter alia, the defendant 794 Utica Avenue Realty Corp. (hereinafter the defendant), by service of a summons and complaint upon the Secretary of State pursuant to Business Corporation Law § 306. The plaintiff subsequently obtained a judgment of foreclosure and sale against the defendant upon its default in answering the complaint. The defendant moved to set aside the judgment of foreclosure and the foreclosure sale upon the ground that the court lacked jurisdiction over it because it had never received notice of the action.

The defendant's contention that the court lacked jurisdiction over it is meritless. It is well settled that service of process on a corporate defendant by serving the summons and complaint on the Secretary of State pursuant to Business Corporation Law § 306 is valid service (see, Harbert Offset Corp. v Bowery Sav. Bank, 174 AD2d 650; see also, Spearman v Atreet Corp., 238 AD2d 194; East N. Y. Sav. Bank v Sun Beam Enters., 234 AD2d 131).

Moreover, the defendant failed to establish that it was entitled to vacatur of the judgment pursuant to CPLR 317. Under that statute a defendant must show that it "did not personally receive notice of the summons in time to defend and has a meritorious defense" (CPLR 317 [emphasis supplied];

*Harbert Offset Corp. v Bowery Sav. Bank, supra).* Here, the record is devoid of any evidence tending to show the existence of a meritorious defense as required by CPLR 317 (*see, Halali v Gabbay,* 223 AD2d 623; *Mann-Tell Realty Corp. v Cappadora Realty Corp.,* 184 AD2d 497).

Accordingly, the Supreme Court did not err in denying the defendant's motion. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.