■ HELAINE SHIMEL et al., Respondents, v 5 SOUTH FULTON AVE. CORP., Appellant, et al., Defendant. [783 NYS2d 54]—

In a mortgage foreclosure action, the defendant 5 South Fulton Ave. Corp. appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered September 8, 2003, which denied its motion to vacate its default in appearing or answering the complaint and to set aside the judgment of foreclosure and the foreclosure sale.

Ordered that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced this action against the appellant by service of a summons and complaint upon the Secretary of State pursuant to Business Corporation Law § 306. The plaintiffs subsequently obtained a judgment of foreclosure and sale against the appellant upon its default in appearing or answering the complaint. The appellant moved to vacate its default and to set aside the judgment of foreclosure and the foreclosure sale upon the ground that it never received notice of the action and thus the court lacked personal jurisdiction over it.

Service of process on a corporate defendant by serving the summons and complaint on the Secretary of State pursuant to Business Corporation Law § 306 is valid service (*see Green Point Sav. Bank v 794 Utica Ave. Realty Corp.,* 242 AD2d 602 [1997]; *Harbert Offset Corp. v Bowery Sav. Bank,* 174 AD2d 650 [1991]). Moreover, the defendant failed to establish that it was entitled to vacate the judgment of foreclosure pursuant to CPLR 317, as the evidence submitted in support of the motion failed to demonstrate the existence of a meritorious defense as required by the statute (*see Green Point Sav. Bank v 794 Utica Ave. Realty Corp., supra; Halali v Gabbay,* 223 AD2d 623 [1996]). Santucci, J.P., Luciano, Schmidt and Skelos, JJ., concur.