■ CLEVAUGH PERKINS, Respondent, v 686 HALSEY FOOD CORP., Appellant, et al., Defendants. [829 NYS2d 185]—

In an action, inter alia, to recover damages for assault, the defendant 686 Halsey Food Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated May 20, 2005, as granted that branch of its motion which was to vacate its default in answering the complaint only upon the condition that its answer not contain defenses predicated upon lack of personal jurisdiction and the statute of limitations, and denied that branch of its motion which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (8).

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the record demonstrates that the plaintiff properly effected service of process upon it pursuant to Business Corporation Law § 306 by delivering duplicate copies of the summons and complaint to the Secretary of State and paying the appropriate fee. "Service of process on a corporate defendant by serving the summons and complaint on the Secretary of State pursuant to Business Corporation Law § 306 is valid service" (*Shimel v 5 S. Fulton Ave. Corp.,* 11 AD3d 527 [2004]; *Green Point Sav. Bank v 794 Utica Ave. Realty Corp.,* 242 AD2d 602 [1997]). Although the appellant maintains that it never received notice of the commencement of this action, service was complete upon delivery of process to the Secretary of State (*see* Business Corporation Law § 306 [b] [1]; *Flick v Stewart-Warner Corp.,* 76 NY2d 50 [1990]). Accordingly, the Supreme Court properly granted that branch of the appellant's motion which was to vacate its default in answering only upon the condition that its answer not contain defenses predicated upon lack of personal jurisdiction or the statute of limitations, and denied that branch of its motion which was to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (8).

We have not considered the plaintiff's contention that the

court improvidently exercised its discretion in vacating the appellant's default because the plaintiff did not cross-appeal from the order (*see Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *Damiani v Federated Dept. Stores, Inc.*, 23 AD3d 329 [2005]; *Shaheen v Webster Realty Assoc.*, 16 AD3d 663 [2005]; *Culver & Theisen v Starr Realty Co. [NE]*, 307 AD2d 910 [2003]). Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.