■ Viola Francis, Respondent, v Alva Francis, Appellant. [852 NYS2d 259]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Strauss, J.), entered May 4, 2007, which denied his motion to vacate a judgment of divorce entered September 18, 2001 upon his failure to appear or answer.

Ordered that the order is affirmed, with costs.

The defendant claims, inter alia, that the Supreme Court lacked jurisdiction to enter the judgment of divorce because he was not properly served with the summons with notice. However, a process server's sworn affidavit of service ordinarily constitutes prima facie evidence of proper service (*see Bankers Trust Co. of Cal. v Tsoukas,* 303 AD2d 343 [2003]). Here, the process server's affidavit of service established that service was properly made in accordance with an ex parte order of the court authorizing an alternate method of service (*see* CPLR 308 [5]), and the defendant's conclusory allegations were insufficient to rebut the presumption of proper service (*see Simmons First Natl. Bank v Mandracchia,* 248 AD2d 375 [1998]; *Remington Invs. v Seiden,* 240 AD2d 647 [1997]). Moreover, the defendant's claims that the plaintiff procured the ex parte order through fraudulent means are unsupported by the record. Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion to vacate the judgment of divorce entered September 18, 2001 upon his failure to appear or answer. Mastro, J.P., Fisher, Florio, Angiolillo and Dickerson, JJ., concur.