■ 393 LEFFERTS PARTNERS, LLC, Respondent, v NEW YORK AVENUE AT LEFFERTS, LLC, Appellant, et al., Defendants. [890 NYS2d 330]—

A defendant seeking to vacate a default in answering must demonstrate a reasonable excuse for the default and the existence of a meritorious defense (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.,* 67 NY2d 138, 141 [1986]; *Gray v B. R. Trucking Co.,* 59 NY2d 649, 650 [1983]; *Harris v City of New York,* 30 AD3d 461, 463-464 [2006]; *Orangetown Policemen's Benevolent Assn. v Town of Orangetown,* 18 AD3d 841 [2005]). The appellant submitted an affidavit of service that stated that it was served on August 10, 2007, pursuant to Limited Liability Company Law § 303, by service upon the Secretary of State. The appellant also submitted a certificate of service and return receipt showing that the Secretary of State delivered the summons and complaint to the appellant's designated address by certified mail, return receipt requested, but the return receipt was not dated and was signed by a person who was not employed by the appellant. Joseph Artusa, one of the appellant's managing members, stated in an affidavit that he was out of the office "on many days" in August and September of 2007 and did not see the summons and complaint on his desk until late September, when the time to answer it had expired. This statement does not provide a reasonable excuse for the appellant's default. Moreover, the Supreme Court providently exercised its discretion in determining that the appellant was not entitled to relief pursuant to CPLR 317, since it

failed to demonstrate that it did not receive actual notice of the summons and complaint in time to defend the action (see CPLR 317; *Taieb v Hilton Hotels Corp.*, 60 NY2d 725 [1983]; *Franklin v 172 Aububon Corp.*, 32 AD3d 454 [2006]; *Brockington v Brookfield Dev. Corp.*, 308 AD2d 498 [2003]). In addition, the appellant failed to demonstrate a meritorious defense to the action.

The appellant's remaining contention is without merit. Prudenti, P.J., Covello, Lott and Sgroi, JJ., concur.