■ In the Matter of ROCKLAND BAKERY, INC., Respondent, v B.M. BAKING COMPANY, INC., et al., Respondents, and CALABRESE BAKERIES, INC., et al., Appellants. [923 NYS2d 572]—

In a proceeding pursuant to Business Corporation Law § 1104 for the judicial dissolution of B.M. Baking Company, Inc., the appeal is from an order of the Supreme Court, Rockland County (Berliner, J.), dated February 24, 2010, which denied the motion of B.M. Baking Company, Inc., Calabrese Bakeries, Inc., Rose Melino, and Lucinda Melino pursuant to CPLR 317 and 5015 (a) to vacate a judgment of the same court (Smith, J.) dated December 15, 2005, adjudging that B.M. Baking Company, Inc., is dissolved nunc pro tunc as of March 19, 2004, in effect, upon its default in appearing, and for leave to interpose an answer.

Ordered that the order is affirmed, with costs.

In 2004 Rockland Bakery, Inc., a 50% shareholder of B.M. Baking Company, Inc. (hereinafter B.M. Baking), filed this petition for the judicial dissolution of B.M. Baking, pursuant to Business Corporation Law § 1104. B.M. Baking failed to appear or answer the petition. On December 15, 2005, the Supreme Court granted the petition as unopposed and adjudged B.M. Baking dissolved nunc pro tunc as of March 19, 2004.

On September 25, 2008, the appellants filed a separate petition in the Supreme Court pursuant to Business Corporation Law § 1008 to suspend or annul the dissolution of B.M. Baking. The appellants are B.M. Baking, Calabrese Bakeries, Inc. (here-

inafter Calabrese), which is the other 50% shareholder of B.M. Baking, and Rose Melino and Lucinda Melino (hereinafter together the Melinos), who are shareholders of Calabrese. The Melinos and Calabrese were named as petitioners individually and acting on behalf of B.M. Baking. In an order dated August 10, 2009, the Supreme Court dismissed the petition in that proceeding, without prejudice to the appellants' right to make an application in the instant dissolution proceeding for the same relief (*see Matter of Calabrese Bakeries, Inc. v Rockland Bakery, Inc.*, 83 AD3d 1060 [2011] [decided herewith]).

On September 30, 2009, the appellants filed a motion in this proceeding pursuant to CPLR 317 and 5015 to vacate the default judgment dated December 15, 2005. In support of their motion, the appellants submitted the affidavit of Joseph Melino, the president of both Calabrese and B.M. Baking, averring that he first learned of the dissolution proceeding sometime in the winter of 2005-2006, when he was released from prison and retrieved a large amount of mail from the corporate address, including the dissolution petition, which he gave to an attorney.

Pursuant to CPLR 317, "[a] person served with a summons other than by personal delivery to him [or her] or to his [or her] agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action" by seeking to vacate a default judgment within one year of learning of the judgment upon demonstrating a potentially meritorious defense (*see Caba v Rai*, 63 AD3d 578, 580 [2009]). Here, CPLR 317 is not available to the Melinos, who were not served with the dissolution petition because they were not entitled to service pursuant to Business Corporation Law § 1106 (c). B.M. Baking and its shareholder Calabrese were properly served with the dissolution petition pursuant to Business Corporation Law § 306 by delivery to the Secretary of State as their agent for service (*see Perkins v 686 Halsey Food Corp.*, 36 AD3d 881 [2007]; *Shimel v 5 S. Fulton Ave. Corp.*, 11 AD3d 527 [2004]). Although "service on a corporation through delivery of process to the Secretary of State is not 'personal delivery' to the corporation or to an agent designated under CPLR 318," the corporation still must establish that it did not actually receive notice of the action in time to defend in order to avail itself of the relief afforded by CPLR 317 (*Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142 [1986] [corporate address on file with the Secretary of State was incorrect]). Here, the mere denial of receipt by Calabrese and B.M. Baking due to late pick up of the mail at the proper corporate address is insufficient to rebut the presumption of proper service or to establish lack of

actual notice for the purpose of CPLR 317 (*see Thas v Dayrich Trading, Inc.*, 78 AD3d 1163, 1164 [2010]; *Shimel v 5 S. Fulton Ave. Corp.*, 11 AD3d at 527; *cf. Fleisher v Kaba*, 78 AD3d 1118 [2010]). Moreover, in light of the more than three-year delay between learning of the judgment and filing the motion pursuant to CPLR 317, the Supreme Court providently exercised its discretion in declining to extend the one-year time period (*see Caba v Rai*, 63 AD3d at 581; *Levine v Berlin*, 46 AD2d 902, 903 [1974]; *cf. Girardo v 99-27 Realty, LLC*, 62 AD3d 659, 660 [2009]). Although the appellants contend that a portion of the delay was due to their prior attorney's neglect of the matter and her eventual suspension from the practice of law (*see Uddaraju v City of New York*, 1 AD3d 140, 141 [2003]; *but see Huggins v Parkset Supply, Ltd.*, 24 AD3d 610, 611 [2005]), they still unreasonably delayed in making their motion for 20 months after discharging that attorney (*see Matter of Putnam County Natl. Bank v JP Morgan Chase Bank N.A.*, 57 AD3d 677, 678 [2008]; *Nahmani v Town of Ramapo*, 262 AD2d 291 [1999]).

A motion to vacate a default judgment pursuant to CPLR 5015 (a) may be brought by any party or "interested person," which would include the corporate and individual appellants here (*Oppenheimer v Westcott*, 47 NY2d 595, 602 [1979]). On their motion, the appellants raised arguments under CPLR 5015 (a) (1), (3) and (4). To obtain vacatur of a default judgment under CPLR 5015 (a) (1), the moving party must demonstrate both a reasonable excuse for the default and a potentially meritorious defense (*see Liotta v Mattone*, 71 AD3d 741, 741 [2010]; *Strauss v R & K Envtl.*, 66 AD3d 766, 767 [2009]; *Li Gang Ma v Hong Guang Hu*, 54 AD3d 312, 313 [2008]), and must move "within one year after service of a copy of the judgment" (CPLR 5015 [a] [1]; *see Malik v Noe*, 54 AD3d 733, 734 [2008]; *Nahmani v Town of Ramapo*, 262 AD2d at 291). Here, the Supreme Court providently exercised its discretion in denying the appellants' motion as untimely given the extensive delay between the date of the service of the judgment, December 15, 2005, and the filing of the motion to vacate the default in September 2009 (*see Matter of Putnam County Natl. Bank v JP Morgan Chase Bank N.A.*, 57 AD3d at 678; *Nahmani v Town of Ramapo*, 262 AD2d at 291; *Long Is. Trust Co. v PTI Intl. Corp. of N.Y.*, 166 AD2d 504 [1990]).

A motion pursuant to CPLR 5015 (a) (3) based upon alleged fraud or misconduct of an adverse party must be made within a "reasonable time" (*Bank of N.Y. v Stradford*, 55 AD3d 765, 765 [2008]). That branch of the appellants' motion which was pursuant to this subsection was not made with a "reasonable time"

and, in any event, was without merit (*see Matter of Holden*, 271 NY 212, 218 [1936]; *Bank of N.Y. v Stradford*, 55 AD3d at 765-766; *Aames Capital Corp. v Davidsohn*, 24 AD3d 474, 475 [2005]; *Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp.*, 128 AD2d 821 [1987]). Finally, that branch of the appellants' motion which was pursuant to CPLR 5015 (a) (4) for alleged lack of jurisdiction is without merit. As noted, jurisdiction was acquired over B.M. Baking and Calabrese through service pursuant to Business Corporation Law § 306, and the Melinos were not entitled to service pursuant to Business Corporation Law § 1106 (c).

Accordingly, the Supreme Court properly denied the appellants' motion to vacate the default judgment and for leave to interpose an answer. Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur.