■ In the Matter of RAQUEL DOWNING, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [969 NYS2d 510]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Education, discontinuing the petitioner's probationary service as an assistant principal, the petitioner appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Saitta, J.), dated August 2, 2011, as granted the motion of the New York City Department of Education, Martin Weinstein, and Anita Skopp, in effect, pursuant to CPLR 5015 (a) (1), (a) to vacate an order of the same court dated January 14, 2010, entered upon their failure to appear on the return date, denying their motion to vacate an order of the same court (Bayne, J.), dated May 30, 2006, also entered upon their failure to appear on the return date, granting the petition and, in effect, denying that branch of their motion which was to dismiss the petition pursuant to CPLR 3211 (a) (7), and (b) to vacate the order dated May 30, 2006, thereupon granted that branch of their motion which was to dismiss the petition pursuant to CPLR 3211 (a) (7), and, in effect, dismissed the proceeding.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, the petition is reinstated, that branch of the respondents' motion which was, in effect, pursuant to CPLR 5015 (a) (1) to vacate the order dated May 30, 2006, entered upon the respondents' failure to appear on the return date, is denied, the determinations in the order dated May 30, 2006, granting the petition and, in effect, denying that

branch of the respondents' motion which was to dismiss the petition pursuant to CPLR 3211 (a) (7) are reinstated, that branch of the respondents' motion which was, in effect, pursuant to CPLR 5015 (a) (1) to vacate the order dated January 14, 2010, is denied as academic, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in favor of the petitioner and against the respondents, granting the petition.

The petitioner was appointed as a probationary assistant principal at a middle school in Brooklyn. In June 2005, the school principal informed her that the New York City Department of Education (hereinafter the DOE) intended to discontinue her employment based on an unsatisfactory rating. In December 2005, the petitioner, proceeding pro se, commenced this CPLR article 78 proceeding against the respondents DOE, Martin Weinstein, the Principal of the school and District 19 Community Superintendent, and Anita Skopp, the local Instructional Superintendent, challenging that determination.

On March 27, 2006, the respondents moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the petition for failure to state a cause of action. In an order dated May 30, 2006, upon the respondents' failure to appear on the return date of the motion, the Supreme Court granted the petition and, in effect, denied the respondents' motion.

The respondents moved to vacate the order dated May 30, 2006; however, when the respondents failed to answer the call of the calendar on the return date of their motion to vacate, the Supreme Court denied the motion in an order dated December 5, 2006, and directed them to appear for a contempt hearing.

At the contempt hearing, held on December 12, 2006, the Supreme Court did not hold the respondents in contempt. The court vacated the order dated December 5, 2006, denying, upon their failure to appear, the respondents' motion to vacate the order dated May 30, 2006.

The respondents did not move again to vacate the order dated May 30, 2006, until September 2009. However, when the respondents again failed to appear on the return date of the motion, that motion was denied, upon their default, in an order dated January 14, 2010.

In May 2010, the respondents moved, in effect, pursuant to CPLR 5015 (a) (1), to vacate the orders dated January 14, 2010, and May 30, 2006, and, upon vacating those orders, to grant that branch of their motion which was to dismiss the petition pursuant to CPLR 3211 (a) (7). In an order and judgment dated August 2, 2011, the Supreme Court granted the motion to vacate

the orders dated January 14, 2010, and May 30, 2006, thereupon granted that branch of the respondents' motion which was to dismiss the petition pursuant to CPLR 3211 (a) (7), and, in effect, dismissed the proceeding.

As the petitioner correctly contends, the Supreme Court erred in granting that branch of the respondents' motion which was to vacate the order dated May 30, 2006, as it was untimely, having been made more than one year after the respondents received actual notice of the order (see CPLR 5015 [a] [1]; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1082 [2011]; *Matter of Putnam County Natl. Bank v JP Morgan Chase Bank N.A.*, 57 AD3d 677, 678 [2008]).

The parties' remaining contentions are academic in light of our determination. Mastro, J.P., Chambers, Lott and Sgroi, JJ., concur.