■ HSBC Bank USA, as Trustee for WFMBS 2007-04, Respondent, v Carla Desrouilleres, et al., Defendants, and Daphnee Doresca, Appellant. [11 NYS3d 93]—

In an action to foreclose a mortgage, the defendant Daphnee Doresca appeals from an order of the Supreme Court, Nassau County (Winslow, J.), dated September 15, 2013, which denied her motion, inter alia, to intervene as a party and, in effect, for leave to vacate a judgment of foreclosure and sale entered December 17, 2008, upon her failure to appear or answer the complaint.

Ordered that the order is affirmed, with costs.

In 2008, the plaintiff commenced this action to foreclose a mortgage after one of the defendants, Carla Desrouilleres, defaulted on her residential mortgage loan for the subject premises. Desrouilleres never answered or appeared in this action. As relevant here, an affidavit of service was filed with the court averring that another defendant, Daphnee Doresca, who had an interest in the premises, also had been served in this action, pursuant to CPLR 308 (4), by "nail and mail" at the premises.

Thereafter, the plaintiff moved, inter alia, for leave to amend the caption to change the names of the John Doe defendants in the caption to, among others, Daphnee Doresca, and for leave to enter a judgment of foreclosure and sale upon the defendants' failure to appear or answer the complaint. In September 2008, the Supreme Court granted the plaintiff's motion. A judgment of foreclosure and sale was entered December 17, 2008.

In 2009, Doresca commenced a separate action against Desrouilleres, inter alia, to quiet title to the subject premises (hereinafter the related action). In the related action, the Supreme Court granted Doresca's motion to temporarily stay the foreclosure sale of the subject premises in the instant action. Thereafter, in an order dated January 30, 2013, in the related action, the court granted Doresca's motion for leave to enter a default judgment and for title to the premises. On April 11, 2013, the court amended that order to indicate that Doresca's title to the premises was subject to the plaintiff's mortgage lien, and the stay of the foreclosure sale in this action was lifted.

Thereafter, 4½ years after the December 2008 judgment of foreclosure and sale in this action in favor of the plaintiff had been entered, Doresca moved in this action, pursuant to CPLR 1012 and 1013, for leave to intervene as a party, to stay the foreclosure sale, and, in effect, for leave to vacate the judgment. Doresca contended that the court never acquired personal jurisdiction over her because she was not properly served with process, and that, therefore, her rights were unaffected by the December 2008 judgment of foreclosure. In the order appealed from, the Supreme Court denied Doresca's motion.

Contrary to Doresca's contention, personal jurisdiction over her in this action attached when service on her was effected (see Green v Gross & Levin, LLP, 101 AD3d 1079, 1080 [2012]; 425 E. 26th St. Owners Corp. v Beaton, 50 AD3d 845, 845-846 [2008]). The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (4) (see 425 E. 26th St. Owners Corp. v Beaton, 50 AD3d at 845-846; Christiana Bank & Trust Co. v Eichler, 94 AD3d 1170, 1170-1171 [2012]). Doresca's conclusory denial of service failed to rebut this presumption of proper service (see Francis v Francis, 48 AD3d 512 [2008]; Remington Invs. v Seiden, 240 AD2d 647 [1997]; see also NYCTL 2009-A Trust v Tsafatinos, 101 AD3d 1092 [2012]; cf. Ariowitsch v Johnson, 114 AD2d 184, 185-186 [1986]). Accordingly, Doresca failed to establish that personal jurisdiction had not been acquired over her as a party defendant.

A nonparty to an action may seek intervention as of right pursuant to CPLR 1012, or by permission of the court pursuant to CPLR 1013 (see Borst v International Paper Co., 121 AD3d 1343, 1346 [2014]). Since Doresca was already a party, that branch of her motion was unnecessary (see Donas v European Am. Bank & Trust Co., 106 Misc 2d 437, 439 [Sup

Ct, NY County 1980]). In any event, although Doresca's motion was denominated as a motion for leave to intervene, in effect, she sought leave to vacate the judgment of foreclosure and sale entered December 12, 2008, upon her failure to appear or answer the complaint, and to stay the foreclosure sale in this action. However, Doresca failed to establish either the requisites of CPLR 317 or 5015 for vacatur of her default.

Pursuant to CPLR 317, "[a] person served with a summons other than by personal delivery to him [or her] or to his [or her] agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action" by seeking to vacate a default judgment within one year of learning of the judgment upon demonstrating a potentially meritorious defense (see CPLR 317; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d 1080, 1082 [2011]; *Winters v Albany Executive House Apts.*, 102 AD2d 985 [1984]; *Exchange Leasing Corp. v Roycliff Hired Car Serv.*, 47 AD2d 609 [1975]). Although a movant need not show a reasonable excuse for a delay in making the motion (see *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 142 [1986]; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d at 1081), the movant must still demonstrate, and the court must find, that "it did not receive actual notice of the summons and complaint in time to defend the action" (*393 Lefferts Partners, LLC v New York Ave. at Lefferts, LLC*, 68 AD3d 976, 976-977 [2009]; see CPLR 317; *Wassertheil v Elburg, LLC*, 94 AD3d 753, 753 [2012]; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d at 1081; *Franklin v 172 Aububon Corp.*, 32 AD3d 454, 455 [2006]). Here, Doresca was aware of the judgment of foreclosure and sale at least as early as August 2009, when she moved in the related action for a stay of this action. In addition, Doresca failed to demonstrate that she did not receive actual notice of the summons and complaint in time to defend the action (see CPLR 317; *Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc.*, 83 AD3d at 1081-1082; *393 Lefferts Partners, LLC v New York Ave. at Lefferts, LLC*, 68 AD3d at 976-977).

Moreover, Doresca failed to demonstrate that she had a potentially meritorious defense to the action (see *Thakurdyal v 341 Scholes St., LLC*, 50 AD3d 889, 890 [2008]; *New York Hosp. Med. Ctr. of Queens v Insurance Co. of State of Pa.*, 16 AD3d 391, 392 [2005]). For that same reason, vacatur pursuant to CPLR 5015 also is unavailable here (see CPLR 5015 [a] [1]; *Melish v Melish*, 267 AD2d 218 [1999]; *Starr Block Co. v Tedesco*, 146 AD2d 692 [1989]; *Matter of Casey*, 145 AD2d 632, 632 [1988]; see also *Matter of Coates v Lee*, 32 AD3d 539 [2006]).

As there was no basis to vacate Doresca's default, the Supreme Court also properly denied that branch of her motion which was to stay the foreclosure sale in this action (*see Getz v Stuyvesant Manor*, 194 AD2d 589 [1993]; *Shorehaven Assoc. v King*, 184 AD2d 764 [1992]).

In light of the foregoing, we need not consider Doresca's remaining contentions. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.