OPINION OF THE COURT
Memorandum.
Ordered that the order is reversed, without costs, and defendant’s motion to vacate the default judgment is denied.
In July 2012, plaintiff commenced this action to recover damages arising from electrical work performed by defendant at plaintiff’s building. On August 3, 2012, service of process upon defendant was effectuated by delivering a copy of the summons and complaint to the Secretary of State as the statutory agent of defendant. Upon defendant’s default in appearing and answering, plaintiff obtained a default judgment in the principal sum of $13,083.04. By order to show cause dated March 21, 2013, defendant moved to vacate the default judgment, asserting that it had never received a copy of the summons and complaint and that it possessed a meritorious *58 defense. By order entered April 4, 2013, the Civil Court granted defendant’s motion to vacate the default judgment and directed defendant to file an answer. On appeal, plaintiff contends that defendant failed to demonstrate that service was improper or that defendant possessed both a reasonable excuse for its default and a meritorious defense.
As the summons and complaint were served upon the Secretary of State as the statutory agent of defendant, personal jurisdiction over defendant was acquired (see Business Corporation Law § 306; CPLR 311). “A person served with a summons other than by personal delivery to him [or it] or to his [or its] agent for service designated under [CPLR] rule 318, within or without the state, who does not appear may be allowed to defend the action” by moving to vacate the default judgment within one year of learning of the judgment (CPLR 317). Pursuant to CPLR 317, the movant need only demonstrate that he did not personally receive notice of the summons in time to defend and that he has a potentially meritorious defense (see Matter of Rockland Bakery, Inc. v B.M. Baking Co., Inc., 83 AD3d 1080 [2011]; Caba v Rai, 63 AD3d 578, 580 [2009]). “[S]ervice on a corporation through delivery of process to the Secretary of State is not ‘personal delivery’ to the corporation or to an agent designated under CPLR 318” (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142 [1986]; see Matter of Rockland Bakery, Inc., 83 AD3d 1080). Consequently, defendant would be entitled to vacatur of the default judgment if defendant could satisfy the criteria set forth in CPLR 317.
In support of the motion to vacate the default judgment, the president of the corporate defendant stated that defendant did not appear and answer because defendant had not been served with a summons or complaint and that, prior to the entry of judgment, defendant had no “notice that plaintiff allegedly has a claim against defendant.” This statement, however, is insufficient to establish a lack of actual notice of the summons so as to entitle defendant to relief under CPLR 317. Pursuant to Business Corporation Law § 306, after service of process was made upon the Secretary of State, the Secretary of State was required to promptly mail, by certified mail, return receipt requested, a copy of the process to the address designated by defendant for this purpose. Since defendant has offered no evidence to demonstrate that the Office of the Secretary of State failed to comply with its statutory duty, and we presume *59 that defendant received the mail sent to it, in order to meet this burden of establishing a lack of actual notice of the summons, defendant had to submit more than a conclusory denial of notice (see Matter of Rockland Bakery, Inc., 83 AD3d 1080; Thas v Dayrich Trading, Inc., 78 AD3d 1163, 1164 [2010]; Shimel v 5 S. Fulton Ave. Corp., 11 AD3d 527 [2004]; Todd Rotwein, D.P.M., P.C. v Goodson, 23 Misc 3d 135[A], 2009 NY Slip Op 50813[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]). Consequently, defendant was not entitled to vacatur under CPLR 317, and to be successful on its motion, defendant was required to satisfy the requirements of CPLR 5015 (a) (1) by demonstrating both a reasonable excuse for the default and the existence of a meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141; Mora v Scarpitta, 52 AD3d 663 [2008]).
Defendant’s president’s conclusory allegations regarding defendant’s lack of knowledge of the action were insufficient to demonstrate a reasonable excuse for defendant’s default (see Barretta Realty Skyline v A+ Abstract, Inc., 32 Misc 3d 133[A], 2011 NY Slip Op 51412 [U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Todd Rotwein, D.P.M., P.C., 23 Misc 3d 135[A], 2009 NY Slip Op 50813[U]). In addition, defendant’s statements that plaintiff had never complained about the services rendered and that “there may have been a balance due by the plaintiff to defendant” were, in and of themselves, insufficient to demonstrate the existence of a meritorious defense to the action (see Barretta Realty Skyline, 32 Misc 3d 133[A], 2011 NY Slip Op 51412[U]; Todd Rotwein, D.P.M., P.C., 23 Misc 3d 135[A], 2009 NY Slip Op 50813[U]). Consequently, defendant was not entitled to relief under CPLR 5015 (a) (1).
Accordingly, the order is reversed and defendant’s motion to vacate the default judgment is denied.
Weston, J.P., Aliotta and Elliot, JJ., concur.