David Brusco, Appellant, v
against
Constantine Constantine Professional Landscape, Inc., Respondent. Appellate Term Docket No. 2015-2092 RI C Lower Court # 14R006521 Bernstone & Grieco, LLP, Matthew A. Schroeder, Esq., for appellant. The Law Firm of DeVito & DeVito, P.C., Thomas J. DeVito, Jr., Esq., for respondent.



Appeal from an order of the Civil Court of the City of New York, Richmond County (Orlando Marrazzo, Jr., J.), entered June 24, 2015. The order denied plaintiff's motion for leave to enter a default judgment against defendant.




ORDERED that the order is reversed, without costs, and plaintiff's motion for leave to enter a default judgment against defendant is granted. 
Plaintiff commenced this action in December of 2014 to recover the principal sum of $9,625.25 based on, among other things, a breach of contract. On May 6, 2015, plaintiff served a motion for leave to enter a default judgment. Defendant appeared and opposed the motion. The Civil Court denied plaintiff's motion, stating that, "[a]lthough plaintiff served defendant corporation through the New York Secretary of State he failed to serve defendant through other known addresses." 
"[A] plaintiff moving for a default judgment against a defendant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to appear or answer" (Todd v Green, 122 AD3d 831, 832 [2014]; see CPLR 3215 [f]). In support of its motion for leave to enter a default judgment, plaintiff complied with all of these requirements. "Service of process on a corporate defendant by serving the summons and complaint on the Secretary of State pursuant to Business Corporation Law § 306 is valid service" (Shimel v 5 S. Fulton Ave. Corp., 11 AD3d 527, 527 [2004]), and such service is complete upon delivery of process to the Secretary of State (see Business Corporation Law § 306 [b] [1]; Flick v Stewart-Warner Corp., 76 NY2d 50 [1990]). Contrary to the Civil Court's determination, and defendant's argument, there is no requirement that plaintiff serve defendant "at other known addresses" after completing service pursuant to Business Corporation Law § 306 in order to obtain personal jurisdiction over defendant. 
However, where, as here, service is made upon a corporate defendant by delivery of the summons and complaint to the Secretary of State, CPLR 3215 (g) (4) requires that, at least 20 days before the entry of a default judgment, additional service be made, by first class mail, upon the defendant at its last known address. Plaintiff demonstrated that it complied with this requirement by mailing a copy of the summons and complaint to the address listed on the contract between the parties.
"To defeat a facially adequate CPLR 3215 motion, a defendant must show either that [*2]there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense" (Fried v Jacob Holding, Inc., 110 AD3d 56, 60 [2013]). It is clear from the record that defendant did not appear in the action until May of 2015. Defendant did not submit an affidavit by anyone with personal knowledge to claim that it had a reasonable excuse for its default in appearing and answering, and it did not make any attempt to show that it has a potentially meritorious defense.
Accordingly, the order is reversed and plaintiff's motion for leave to enter a default judgment against defendant is granted. 
Pesce, P.J., Weston and Aliotta, JJ., concur. 
Paul Kenny
Chief Clerk
Decision Date: March 29, 2017