CACH, LLC, Respondent, 
against
Adeola Oyedeji, Appellant.




Adeola Oyedeji, appellant pro se.
Daniels, Norelli, Scully & Cecere, P.C. (Ira R. Sitzer of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Susan Quirk, J.), entered March 10, 2017. The order denied defendant's motion to vacate a judgment of that court entered September 28, 2006 upon defendant's failure to appear or answer the complaint.




ORDERED that the order is affirmed, without costs.
In this action to recover $7,547.28 based on an alleged breach of a credit card agreement and upon an account stated, defendant failed to appear or answer and, on September 28, 2006, a default judgment was entered against her. A New York City marshal's return of execution dated February 22, 2007 indicates that the judgment was partially satisfied.
By order to show cause dated September, 29, 2016, defendant moved, in effect, pursuant to CPLR 317 and/or CPLR 5015, to vacate the default judgment. In an affidavit in support of the motion, defendant argued, among other things, that she had a reasonable excuse for her default in that she had not been properly served and had never received any court papers. In addition, she asserted that she did not owe the money because the matter had been settled. The Civil Court denied defendant's motion.
Contrary to defendant's contention, the affidavit of the process server, which constitutes prima facie evidence of proper service, established that defendant had been properly served (see CPLR 308 [4]; HSBC Bank USA v Desrouilleres, 128 AD3d 1013 [2015]). Inasmuch as defendant's denial of service was conclusory, she failed to rebut the presumption of proper service (see CPLR 5015 [a] [4]; HSBC Bank USA v Desrouilleres, 128 AD3d at 1014). Defendant similarly failed to establish any reasonable excuse for her default or a meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Thus, so much of her motion as sought relief pursuant to CPLR 5015 (a) (4) and CPLR 5015 (a) (1) was properly denied.
To the extent that defendant moved to vacate the default judgment pursuant to CPLR 317, the motion was made more than five years after the entry of the judgment (see CPLR 317). [*2]Indeed, more than five years had passed from the time defendant had learned of the entry of the judgment in 2007 when a city marshal had levied upon her bank account and the judgment had been partially satisfied. In any event, defendant failed to demonstrate that she had not received actual notice of the action in time to defend (see CPLR 317; Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722 [2016]) or that she had a meritorious defense to the action.
Accordingly, the order is affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 15, 2018