HSBC Bank USA, N.A. v Daniels (2018 NY Slip Op 05145)





HSBC Bank USA, N.A. v Daniels


2018 NY Slip Op 05145


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-01679
 (Index No. 5889/09)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Oswald Daniels, et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff and James Tierney of counsel), for appellants.
Reed Smith LLP, New York, NY (Andrew B. Messite and Kerren B. Zinner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Oswald Daniels and Colleen Verwayne appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated October 29, 2015. The order, insofar as appealed from, denied, without a hearing, those branches of those defendants' motion which were pursuant to CPLR 5015(a)(1) and (4) to vacate an order and judgment of foreclosure and sale (one paper) of the same court dated September 16, 2010, entered upon their failure to appear or answer the complaint, and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and for failure to comply with RPAPL 1304 or, in the alternative, for leave to serve a late answer.
ORDERED that the order dated October 29, 2015, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this mortgage foreclosure action against Oswald Daniels and Colleen Verwayne (hereinafter together the defendants), among others, in March 2009. Although allegedly served with the summons and complaint pursuant to CPLR 308, the defendants failed to appear or answer the complaint. In July 2009, the Supreme Court signed an order of reference without opposition. The plaintiff subsequently moved, inter alia, for a judgment of foreclosure and sale, and in an order dated August 16, 2010, the motion was granted, again without opposition. Thereafter, the court entered an order and judgment of foreclosure and sale dated September 16, 2010, which, among other things, directed the auction sale of the subject property.
On June 17, 2015, the defendants moved, inter alia, pursuant to CPLR 5015(a)(1) and (4) to vacate the order and judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction and for failure to comply with RPAPL 1304 or, in the alternative, for leave to serve a late answer. Among other things, the defendants argued that the Supreme Court lacked personal jurisdiction over them because Daniels was not properly served with the summons and complaint. In an order dated October 29, 2015, the court denied the motion without a hearing. The defendants appeal.
Where, as here, a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), and seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1) (see Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985; HSBC Bank USA, N.A. v Dalessio, 137 AD3d 860, 862-863; Wells Fargo Bank, NA v Besemer, 131 AD3d 1047; Roberts v Anka, 45 AD3d 752, 753).
Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308 (see Washington Mut. Bank v Murphy, 127 AD3d 1167, 1174; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 896-897). "[T]he failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (McMullen v Arnone, 79 AD2d 496, 499; see Feinstein v Bergner, 48 NY2d 234, 241; Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889).
Ordinarily, the affidavit of a process server constitutes a prima facie showing of proper service (see Citimortgage, Inc. v Baser, 137 AD3d 735, 736; American Home Mtge. Servicing, Inc. v Gbede, 127 AD3d 1004, 1005; Velez v Forcelli, 125 AD3d 643, 644). "However, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit, and necessitates an evidentiary hearing" (Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631; see Wells Fargo Bank, N.A. v Christie, 83 AD3d 824, 825).
Here, the process server's affidavit of service established, prima facie, that Daniels was served with the summons and complaint pursuant to CPLR 308(4) (see Wells Fargo Bank, NA v Besemer, 131 AD3d at 1048; HSBC Bank USA v Desrouilleres, 128 AD3d 1013, 1014; JP Morgan Chase Bank, N.A. v Baldi, 128 AD3d 777, 777-778). Contrary to the defendants' contention, Daniels' conclusory denial of service was insufficient to rebut the presumption of proper service established by the affidavit of service (see HSBC Bank USA, N.A. v Dalessio, 137 AD3d at 863; HSBC Bank USA v Desrouilleres, 128 AD3d at 1014; U.S. Bank N.A. v Hasan, 126 AD3d 683, 684). Verwayne did not submit any sworn denial of service. Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(4).
To the extent that the motion sought vacatur pursuant to CPLR 5015(a)(1), the defendants were not entitled to such relief since they failed to set forth a reasonable excuse for their default, and it is, therefore, unnecessary to consider whether they sufficiently demonstrated a potentially meritorious defense, including the plaintiff's alleged failure to satisfy the requirements of RPAPL 1304 (see Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652).
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court