State Farm Insurance Company, as Assignee of Gerard A. Durney, Appellant, T
against & W Enterprises, Inc., Defendant, and Jacqueline D. Gooding, Respondent.




Serpe, Andree & Kaufman (Jonathan H. Kaufman of counsel), for appellant.
Jacqueline D. Gooding, respondent pro se (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Mojgan Cohanim Lancman, J.), entered April 4, 2017. The order, insofar as appealed from, granted a motion by defendant Jacqueline D. Gooding to vacate so much of a default judgment of that court as was entered against her on April 13, 2001 upon her failure to appear or answer the complaint.




ORDERED that the order, insofar as appealed from, is reversed, without costs, and the motion by defendant Jacqueline D. Gooding to vacate so much of the default judgment as was entered against her is denied.
In this subrogation action commenced in or about August 2000, defendants failed to appear or answer. A default judgment was entered on April 13, 2001, awarding plaintiff the principal sum of $3,461.17 as against both defendants. In March 2017, Jacqueline D. Gooding (defendant) moved to, among other things, vacate so much of the default judgment as was against her, which motion was granted by order of the Civil Court entered April 4, 2017.
The affidavit of the process server, which constitutes prima facie evidence of proper service, demonstrated that defendant had been properly served with the summons and complaint [*2](see CPLR 308 [2]; HSBC Bank USA v Desrouilleres, 128 AD3d 1013 [2015]). As defendant's denial of service was conclusory, she failed to rebut the presumption of proper service (see CPLR 5015 [a] [4]; HSBC Bank USA v Desrouilleres, 128 AD3d at 1014). Moreover, defendant did not establish a meritorious defense to the action because she failed to show that she was not responsible for the underlying motor vehicle accident (see State Farm Ins. Co. v Carroway,40 Misc 3d 140[A], 2013 NY Slip Op 51455[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; State Farm Fire & Cas. Co. v MD Servs. of NY, Inc.,26 Misc 3d 136[A], 2010 NY Slip Op 50162[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]; State Farm Mut. Auto. Ins. Co. v Drammeh,26 Misc 3d 136[A], 2010 NY Slip Op 50158[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). Consequently, so much of defendant's motion as sought relief pursuant to CPLR 5015 (a) (1) and (4) should have been denied. To the extent that defendant sought to vacate the default judgment pursuant to CPLR 317, we note that defendant's motion was made more than five years after the entry of the default judgment, and she failed to demonstrate that she had not received actual notice of the action in time to defend and had a meritorious defense to the action (see CPLR 317; Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722 [2016]).
Accordingly, the order, insofar as appealed from, is reversed and defendant Gooding's motion to vacate so much of the default judgment as was entered against her is denied.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur. 

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018