■ PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Representative of the Estate of NELSON MARQUEZ, Deceased, Respondent, v ALFRED M. MARKOWITZ et al., Defendants, and PETER GREEN, Appellant.—Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 1, 1988, denying defendant Peter Green's motion to dismiss for lack of personal jurisdiction, and dismissing an affirmative defense, unanimously affirmed, without costs.

In this medical malpractice action, the conflicting testimonies of the process server and of the defendant at the traverse hearing were not so irreconcilable as to foreclose a determination based upon an evaluation of the credibility of the witnesses. All that is required under CPLR 308 (2), with respect to personal service, is that process be served upon "a person of suitable age and discretion at the actual place of business", regardless of whether or not that person is an employee or is

otherwise officially authorized to accept service on behalf of the defendant *(Oxhandler v Sekhar,* 88 AD2d 817 [1st Dept 1982]). With regard to the mailing requirement, the hearing court accepted the testimony of the process server that the papers were properly mailed to the defendant's home address. *(Altman v Wallach,* 104 AD2d 391, 392 [2d Dept 1984].) The defendant's mere denial of receipt by mail at his home, without further probative facts, is insufficient to overcome the presumption of delivery which attaches to a properly mailed letter. *(Colon v Beekman Downtown Hosp.,* 111 AD2d 841 [2d Dept 1985].) Concur—Kupferman, J. P., Sullivan, Rosenberger, Asch and Smith, JJ.