■ Clotilde Carrillo, Appellant, v New York City Transit Authority et al., Respondents. [833 NYS2d 95]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered January 3, 2006, which denied plaintiff's motion to vacate an order granting defendant New York City Transit Authority's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, plaintiff's motion granted, the complaint reinstated and the matter

---

remanded for determination of defendant New York City Transit Authority's motion for summary judgment on the merits.

Plaintiff alleges that she was injured while a passenger on a New York City Transit Authority (NYCTA) bus. After completion of disclosure and plaintiff's filing of a note of issue, NYCTA sought, and obtained, leave to file a late motion for summary judgment. Plaintiff submitted opposition papers but did not appear at oral argument. Without addressing the merits of the motion, the court, in an order entered October 4, 2004, granted the motion for summary judgment on default due to plaintiff's failure to appear for oral argument on the return date of the motion.

On October 10, 2005, plaintiff moved to vacate this order, her attorney affirming that he was told by a court clerk that appearances on the return date of the motion were not required. NYCTA opposed the motion to vacate, arguing that it should be denied because it was made only two days before the one-year period for making such a motion expired and because plaintiff failed to offer a reasonable excuse for her default.

Supreme Court found plaintiff did not show a reasonable cause for the delay in making the motion to vacate and denied the motion as "not being timely made." This was error. Plaintiff had one year from service of notice of entry of the order granting summary judgment on default to make the motion to vacate (CPLR 5015 [a] [1]). Given that plaintiff was served with notice of entry of the order on October 12, 2004 and the motion to vacate was filed on October 10, 2005, the motion was timely.

Plaintiff's attorney presented a reasonable excuse for not appearing on the return date of the motion in affirming that he was informed by a court clerk that his appearance was not required. Such a scenario does not, by itself, amount to a pattern of neglect or willfulness warranting a default (*see Rugieri v Bannister*, 22 AD3d 299, 302 [2005], *affd in relevant part* 7 NY3d 742 [2006]; *cf. Tri-State Envtl. Contr., Inc. v M.H. Kane Constr., Inc.*, 25 AD3d 436 [2006]).

Accordingly, this Court finds that plaintiff has presented a proper basis upon which the motion to vacate the order granting summary judgment on default should be granted; the matter is remanded to Supreme Court for a determination of the summary judgment motion on the merits. Concur—Tom, J.P., Mazzarelli and Kavanagh, JJ.

Williams and McGuire, JJ., concur in part and dissent in part in a separate memorandum by McGuire, J., as follows: I agree with the majority that Supreme Court erred in denying plaintiff's motion to vacate the prior order of that court which,

upon plaintiff's failure to appear for oral argument, granted the motion of defendant New York City Transit Authority (NYCTA) for summary judgment dismissing the complaint. I disagree, however, with the majority's decision to remand the matter "to Supreme Court for a determination of the summary judgment motion on the merits."

Recognizing that its motion for summary judgment was untimely (*see* CPLR 3212 [a]), NYCTA requested leave to make a belated motion, asserting that no triable issues of fact existed regarding its liability and that consideration of the merits of the motion would conserve judicial resources. These excuses did not constitute "good cause"—a satisfactory explanation for the untimeliness (*see Brill v City of New York*, 2 NY3d 648 [2004]; *Perini Corp. v City of New York (Department of Envtl. Protection)*, 16 AD3d 37 [2005]). Accordingly, as a matter of law, the motion for summary judgment must be denied. Indeed, this case is indistinguishable from *Miceli v State Farm Mut. Auto. Ins. Co.* (3 NY3d 725 [2004]). There, as here, the party making the untimely motion "argu[ed] only that her motion [was] meritorious" (*id.* at 727). The remand to Supreme Court for a determination on the merits is either pointless or an invitation to err.