(June 25, 2009)

■ Suzana Caba, Appellant, v Lidawattee Rai, Respondent. [882 NYS2d 56]—

Orders, Supreme Court, Bronx County (Nelson S. Roman, J.), entered January 14 and April 25, 2008, which, in an action for personal injuries, denied plaintiff's motion to attach defendant's real property in order to satisfy a default judgment, and, after a traverse hearing, granted defendant's cross motion to vacate the default judgment and for leave to serve an answer, reversed, on the law, without costs, the cross motion denied and the mat-

ter remanded to Supreme Court to reconsider and determine plaintiff's motion to compel the sheriff to seize and sell defendant's property.

On November 23, 1999, plaintiff commenced this action against defendant seeking damages for personal injuries she sustained on property owned by defendant. Plaintiff's process server served defendant by delivering a copy of the summons and complaint to defendant's daughter at defendant's residence, i.e., 1221 Shakespeare Avenue in the Bronx, on December 11, 1999 (see CPLR 308 [2]). The process server also mailed a copy of the summons and complaint to that address as required by CPLR 308 (2). The affidavit of service was filed in the Bronx County Clerk's Office on January 11, 2000, thereby completing service (see id.). Thus, defendant's deadline for answering was February 22, 2000 (see id.; CPLR 320 [a]; General Construction Law §§ 24, 25-a). In March 2002, plaintiff moved for a default judgment based on defendant's failure to appear or answer the action. Supreme Court granted that motion by an order entered on May 1, 2002, and, by an order dated July 17, 2003, Supreme Court awarded plaintiff $250,000 in damages for pain and suffering. A judgment was entered on November 20, 2003 awarding plaintiff those damages plus interest.

In June 2007, plaintiff moved to compel the sheriff to seize and sell 1221 Shakespeare Avenue, real property owned by defendant, to satisfy the November 2003 judgment. Defendant cross-moved, among other things, to vacate the default judgment under CPLR 317 or 5015. While the court rejected defendant's contention that the judgment should be vacated under CPLR 317 because she moved for vacatur more than one year after she learned of the judgment, the court found that defendant satisfied the requirements for vacatur under CPLR 5015 (a) (1)—a reasonable excuse for the default and a potentially meritorious defense. The court also granted that portion of the motion that sought an extension of time to answer the action "to the extent of setting the matter down for a traverse hearing," concluding that if "defendant was served with process, leave to interpose an answer will be denied, and the Court will enter a default judgment in favor of plaintiff. Should the Court find that service was not properly effectuated, leave to interpose an answer shall be granted." By a subsequent order, Supreme Court granted defendant leave to serve a belated answer because "plaintiff failed to proffer [her] process server for the purpose of conducting the [traverse] hearing." Plaintiff appeals from both orders.

CPLR 317 and 5015 (a) (1) allow a defendant against whom a

default judgment has been rendered to move to vacate that default. CPLR 317 provides that "[a] person served with a summons other than by personal delivery to him or to his agent for service designated under rule 318 . . . who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense." Thus, this statute is available only to a defendant who (1) was served by a method other than personal delivery, (2) moves to vacate the judgment within one year of learning of it (but not more than five years after entry), and (3) demonstrates a potentially meritorious defense to the action. By contrast, CPLR 5015 (a) (1) is available to any defendant against whom a default judgment was entered, provided that the defendant can demonstrate both a reasonable excuse for the default and a potentially meritorious defense. A defendant seeking relief under section 5015 (a) (1) must move to vacate the default judgment within one year of service on defendant of the default judgment with notice of entry. Both provisions assume personal jurisdiction exists over the defaulting defendant and provide that party with an opportunity to open the default and contest the merits of the plaintiff's claim (*see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C317:1, at 249-250; *see also* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:6, at 210). If the defaulting defendant asserts that the court lacked personal jurisdiction over him or her, the defendant should seek dismissal of the action under CPLR 5015 (a) (4) (*see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C317:1, at 250), a motion that has no stated time limit and can be made at any time (Siegel, Practice Commentaries, McKinney's Cons Laws, Book 7B, CPLR C5015:3, at 205-206).

In moving to vacate the default judgment, defendant argued that she was entitled to relief under CPLR 317 or 5015 (a) (1) and sought to vacate the judgment and for an extension of time to interpose an answer; she did not seek relief under section 5015 (a) (4) or request that the complaint be dismissed for want of personal jurisdiction. To be sure, in her notice of cross motion, defendant requested an order "vacating and setting aside the defendant's [default] pursuant to CPLR 5015 and/or CPLR 317, extending the defendant's time to answer and compelling plaintiff to accept defendant's answer pursuant to CPLR 2004." Nowhere in her motion papers, however, did defendant suggest that the action should be dismissed because the court lacked

personal jurisdiction over her. Although defendant did argue that she had not received the summons and complaint (or the default judgment), that argument was asserted by defendant in an effort to establish that she had a reasonable excuse for her default. What the concurring Justice considers to be part of the "crux" of defendant's motion, "the absence of any personal jurisdiction," was never stated in the motion. Accordingly, since defendant sought to vacate the judgment and defend the action on the merits, Supreme Court erred in ordering a traverse hearing; defendant charted a specific procedural course that Supreme Court improperly altered (*see Mitchell v New York Hosp.*, 61 NY2d 208, 214 [1984]).[1]

With respect to her contention that she was entitled to relief under CPLR 317, defendant obtained knowledge of the judgment in January 2004 when she received a credit report listing the judgment, and did not move to vacate the default until August 2007. Thus, that portion of defendant's cross motion seeking relief under CPLR 317 was untimely.

Regarding that portion of the cross motion that sought relief under CPLR 5015 (a) (1), there is no indication when the default judgment with notice of entry was served on defendant. Thus, assuming without deciding that defendant properly could seek relief under section 5015 (a) (1),[2] the motion appears timely and plaintiff does not argue to the contrary. Nonetheless, defendant

---

1. If defendant had raised an issue regarding whether the court had personal jurisdiction over her, Supreme Court would have been obliged to determine that issue first, as defendant would have been entitled to an unconditional dismissal of the complaint if the court lacked personal jurisdiction over her. "When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015 (a) (4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 5015 (a) (1)" (*Roberts v Anka*, 45 AD3d 752, 753 [2007], *lv dismissed* 10 NY3d 851 [2008]; *see Delgado v Velecela*, 56 AD3d 515 [2008]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C317:1, at 250). We take no position on whether defendant was entitled to a traverse hearing; we conclude only that if defendant sought dismissal of the action on the ground that the court lacked personal jurisdiction over her the court would have been obligated to address that issue before deciding whether to vacate the judgment under CPLR 5015 (a) (1). Thus, the concurring Justice errs in stating that we "presume[ ] that defendant would have been entitled to the traverse had she expressly invoked CPLR 5015 (a) (4)."

2. It is far from obvious that a party served in a manner other than personal delivery may seek relief under CPLR 5015 (a) (1) when a motion by that party under CPLR 317 would be time-barred. Under the canon of statutory interpretation that a specific provision is controlling over a general provision (*see P.T. Bank Cent. Asia v Chinese Am. Bank*, 229 AD2d 224, 234-235 [1997]), the time prescribed in CPLR 317 may trump the time limit specified

is not entitled to relief under section 5015 (a) (1). Although defendant denied receiving the summons and complaint or any other papers in this matter until she was served with plaintiff's motion to compel the sheriff to seize and sell her property, defendant learned of the judgment in January 2004. She did not move to vacate the default, however, until August 2007 and only did so in response to plaintiff's motion to seize and sell her property. Moreover, plaintiff's counsel averred that both defendant and her attorney contacted plaintiff's counsel on May 11, 2005 about vacating the judgment, an averment that is corroborated by phone message slips generated by plaintiff's counsel's secretary and which defendant does not dispute. Thus, defendant failed to proffer a reasonable excuse for her substantial delay in moving to vacate the judgment (*see Bekker v Fleischman*, 35 AD3d 334 [2006]; *Robinson v 1068 Flatbush Realty, Inc.*, 10 AD3d 716 [2004]; *Duran v Edderson*, 259 AD2d 728 [1999]). In light of our conclusion that defendant failed to proffer a reasonable excuse, we need not determine whether she offered a potentially meritorious defense to the action. Concur—Gonzalez, P.J., Catterson and McGuire, JJ.

Mazzarelli and Acosta, JJ., concur in a separate memorandum by Mazzarelli, J., as follows: I agree that the court's order granting the cross motion should be reversed. However, I disagree with the majority's holding that the motion court erred in directing a traverse because defendant "charted a specific procedural course" by failing to mention CPLR 5015 (a) (4) in her notice of cross motion and other submissions. The crux of defendant's motion was that the affidavit of service filed by plaintiff, if not the entire action, was a sham and that the judgment was entered in the absence of any personal jurisdiction. Both defendant and her daughter submitted affidavits in which they denied ever having received a copy of the summons and complaint. Under these circumstances, the court properly treated the motion as contesting service, notwithstanding that it conflated that issue with the issue of whether defendant had a reasonable excuse for not having appeared in the action.

I also depart from the majority to the extent that it presumes that defendant would have been entitled to the traverse had she expressly invoked CPLR 5015 (a) (4). I do not believe that the traverse was properly directed upon the papers submitted here by defendant.

The affidavit of service filed by plaintiff was prima facie evidence that defendant was properly served with the summons

___

in the more encompassing statute, CPLR 5015 (a) (1). However, we need not and do not decide that issue.

and complaint pursuant to CPLR 308 (2) (*see NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz*, 7 AD3d 459, 460 [2004]). It asserted that on December 11, 1999 process was delivered to defendant's daughter, as a person of suitable age and discretion, and that an additional copy was mailed that day to defendant at the same address. To create an issue of fact as to whether plaintiff obtained jurisdiction over defendant, defendant was required to deny service in a nonconclusory fashion (*id.*). However, defendant's daughter merely swore that ''[o]n December 11, 1999 I was not served with a summons and verified complaint in the above cited matter.'' That statement was insufficient to force a traverse hearing (*compare Haberman v Simon*, 303 AD2d 181 [2003] [traverse hearing ordered where defendant asserted that his physical description did not match the description of him given in the affidavit of service]; *Ananda Capital Partners v Stav Elec. Sys. [1994]*, 301 AD2d 430 [2003] [defendant claimed he was at a meeting in Brooklyn at the same time as the process server swore to have served him in Manhattan]).

Defendant's own denial was similarly bald. She swore only that ''[o]n no occasion did I ever receive any summons and complaint.'' She did attempt to create an issue of fact by claiming that, on December 11, 1999, she no longer lived at 4415 Furman Avenue, Bronx, New York, the address contained on the last page of the complaint. However, it is not the address on the complaint that controls, but the address on the affidavit of service. The affidavit of service clearly states that the process server mailed an extra copy of the process to the first floor of 1221 Shakespeare Avenue, Bronx, New York. Defendant concedes that she lived at that address on the date of mailing. Accordingly, her conclusory statement that she never received the mailing was also insufficient to create an issue of fact and require a traverse hearing (*see Rosario v Beverly Rd. Realty Co.*, 38 AD3d 875 [2007]; *96 Pierrepont v Mauro*, 304 AD2d 631 [2003]).

