*584 Order, Supreme Court, New York County (Anil C. Singh, J.), entered May 31, 2012, which, inter alia, denied defendants’ motion to dismiss the complaint, unanimously affirmed, without costs.
The court correctly found that plaintiffs’ counsel met the requirement of Judiciary Law § 470 to maintain a New York office (see Kinder Morgan Energy Partners, LP v Ace Am. Ins. Co., 51 AD3d 580 [1st Dept 2008]). Counsel’s affirmation avers that the firm leases a New York office with a telephone, that partners of the firm use the office periodically, and that many of the firm’s attorneys are admitted to practice in New York.
Contrary to defendants’ contention, plaintiffs’ counsel, a New Jersey firm, need not obtain authorization to do business in New York pursuant to section 1301 (a), section 1528 or other provisions of the Business Corporation Law to commence an action in New York courts. While any purported noncompliance with those provisions might have other consequences, it does not affect the ability of the firm’s attorneys to practice in New York and thus to commence these proceedings representatively. Similarly, we reject defendant’s contention that plaintiffs’ counsel, in seeking attorneys’ fees, impermissibly maintained the action on its own behalf, rather than in a representative capacity (see Business Corporation Law § 1312). The action was brought in plaintiffs’ name only, and any award of attorneys’ fees depends on the resolution of the underlying legal malpractice cause of action brought in plaintiffs’ name.
Plaintiffs’ affidavits of service on all defendants constitute prima facie evidence of proper service (Chinese Consol. Benevolent Assn. v Tsang, 254 AD2d 222, 223 [1st Dept 1998]). Defendant Mark Altschul’s conclusory denial that he was served as alleged in the affidavit of service does not suffice to raise an issue of fact to be resolved at a traverse hearing (see e.g. id.; Public Adm’r of County of N.Y. v Markowitz, 163 AD2d 100 [1st Dept 1990]).
To the extent defendants argue that service was incomplete due to the belated filing of proof of service, the argument is unavailing, since failure to file proof of service within the 20-day time period for answering the complaint is not a jurisdictional defect, but a “mere irregularity,” and, as plaintiffs acknowledge, service is deemed complete only 10 days after the late filing (see Weininger v Sassower, 204 AD2d 715, 716 [2d Dept 1994]; see also Nardi v Hirsh, 245 AD2d 205 [1st Dept 1997]). Any purported defects in the form of the affidavit of service, including the sufficiency of the signature, are mere irregularities, not jurisdictional defects that would warrant dis *585 missal of the complaint (see Bell v Bell, Kalnick, Klee & Green, 246 AD2d 442, 443 [1st Dept 1998]).
Concur — Mazzarelli, J.E, Acosta, Andrias, Saxe and Clark, JJ.