■ KARL MARSTON, Appellant, v DAVID COLE et al., Respondents, et al., Defendants. [48 NYS3d 116]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about June 12, 2015, which denied plaintiff Karl Marston's motion to vacate an order, entered on default, granting defendants Steven Berrin's motion and David Cole's cross motion to amend their respective answers to include the affirmative defenses of the statute of limitations and equitable estoppel, and to dismiss the complaint, affirmed, without costs.

The court may grant a motion to vacate a default on grounds of excusable default and a showing of a meritorious defense, if the motion is made within one year after service of the order entered on default, with written notice of its entry (*see* CPLR 5015 [a] [1]; *see also Caba v Rai*, 63 AD3d 578, 580 [1st Dept 2009]). Marston did not move to vacate the order entered on default until February 18, 2014, nearly 18 months after he was served with the order and requisite notice. Furthermore, in support of his motion, Marston sought to demonstrate a meritorious defense by making a statement directly contrary to a critical allegation in his complaint. Accordingly, the motion court providently exercised its discretion not to vacate the default (*see Greenwich Sav. Bank v JAJ Carpet Mart*, 126 AD2d 451, 452-453 [1st Dept 1987]). Concur—Renwick, Feinman and Gesmer, JJ.

Tom, J.P., and Saxe, J., concur in a separate memorandum by Tom, J.P., as follows: While I agree with the result reached by the majority, I write separately because I would affirm the order on appeal because the motion court providently exercised its discretion in denying the vacatur motion on the ground that plaintiff did not move to vacate the order entered on default until nearly 18 months after he was served with the order and notice of its entry, and did not provide a reasonable excuse for the default (*see* CPLR 5015 [a] [1]; *Nash v Port Auth. of N.Y. & N.J.*, 22 NY3d 220, 225 [2013]).

Plaintiff commenced this action for money damages and cancellation of a deed in 2009. In March 2011, defendants-respondents (defendants) moved for leave to amend their

answers to assert the affirmative defenses of the statute of limitations and equitable estoppel, and for dismissal of the complaint. The next month plaintiff's counsel moved to withdraw as attorney citing "[i]rreconcilable differences" and the fact that it had become "apparent" that plaintiff was not forthright in revealing all information related to the case.

By order entered December 28, 2011, the motion court granted counsel's motion to withdraw, adjourned defendants' motions for leave to amend and dismiss until February 6, 2012, to allow plaintiff time to find new counsel, and directed defendants to serve plaintiff at his last known address with those pending motions. However, plaintiff never hired a new attorney until more than two years later and never responded to the motions.

Accordingly, by order dated August 12, 2012, the court granted defendants' motions for leave to amend their answers to assert the additional affirmative defenses of equitable estoppel and statute of limitations, and upon such leave, granted the accompanying motions to dismiss the complaint on default.

Although the order entered upon default with written notice of its entry was served upon plaintiff on September 7, 2012 at six different addresses that appeared on various loan documents and court filings by plaintiff, plaintiff failed to move to vacate the default until February 28, 2014, approximately 18 months later. Plaintiff claimed that due to his lack of funds and the complicated nature of the action he had not been able to find an attorney to represent him until that time. He also claimed he never received a copy of defendants' motions from defendants, insinuating he had no knowledge of the motions. However, he never refuted that his attorney sent him the December 2011 order granting counsel's motion to withdraw, or that he was served with the August 2012 order entered on default.

Initially, plaintiff's failure to comply with the deadline set forth in CPLR 5015 (a) (1) was fatal to his motion. Unlike the other grounds for vacatur provided in CPLR 5015, pursuant to which a motion must be made in a "reasonable time," a motion to vacate based on an excusable default must be made, in relevant part, within one year after service of the relevant judgment or order with written notice of its entry (*Nash*, 22 NY3d at 225; David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5015:3). This firm deadline has been consistently recognized and applied by this Department (*see e.g. Gottlieb v Northriver Trading Co. LLC*, 106 AD3d 580, 580 [1st Dept 2013] [referring to the "one-year

deadline of CPLR 5015"]; *Carrillo v New York City Tr. Auth.*, 39 AD3d 296, 297 [1st Dept 2007] [noting that the "(p)laintiff had one year from service of notice of entry of the order granting summary judgment on default to make the motion to vacate"]).

Regardless, plaintiff failed to proffer an excusable default. Plaintiff claims that he never received a copy of defendants' motions and thus was unaware of them. However, he never refuted that he was served with his prior counsel's motion to withdraw, and the record contains a letter from plaintiff's prior counsel indicating that he indeed served plaintiff with his withdrawal motion. Notably, attached to the withdrawal motion was counsel's affirmation stating that, in preparing a response to defendants' pending motions, plaintiff wanted him to make an untrue statement in opposition to the motions. Notably, counsel's statements were made in an affirmation under the penalties of perjury and there is no basis to question counsel's credibility. In other words, counsel's motion to withdraw discloses that plaintiff was well aware of defendants' motions from their "inception," having discussed with counsel the response to the motions that led to counsel's decision to withdraw. Thus, plaintiff's bare claim that he was unaware of defendants' motions is belied by his own counsel's affirmation and he therefore cannot establish excusable default.

Plaintiff also never refuted that he was served with a copy of the order allowing his counsel to withdraw, which also put him on notice that he was required to obtain new counsel within 45 days in order to respond to defendants' motions. As noted, plaintiff never denied that he was served with the motion to withdraw and the fact that the motion court granted counsel's motion to withdraw is prima facie evidence that counsel's motion was properly served upon plaintiff. It is axiomatic that a court would not grant a party's motion, especially one that is unopposed, without an affidavit of service showing proper service (*see e.g.* CPLR 3215 [g]).

Moreover, the court's stay of defendants' motions was only until the adjourn date of February 6, 2012, and even if plaintiff did not receive copies of the pending motions at that time, he was unequivocally aware of them when he received service of the court's order entered on default, service of which plaintiff has failed to refute, which the majority fails to address. In this regard, an affidavit of service for the order entered on default is included within the record on appeal. Such affidavit constitutes prima facie evidence of proper service (*Reem Contr. v Altschul & Altschul*, 117 AD3d 583, 584 [1st Dept 2014]). Plaintiff's conclusory denial that he simply didn't receive the

order is insufficient to raise an issue of fact to be resolved at a traverse hearing (*see Public Adm'r of County of N.Y. v Markowitz*, 163 AD2d 100, 101 [1st Dept 1990]). Notably, plaintiff failed to contest in a sworn statement that the addresses at which he was served the order were invalid or that he no longer resided there. Further, no mailed notices were returned by the post office.

Further, the determination as to whether to vacate an order on default lies within the discretion of the motion court, and thus our review of the court's decision is based on whether there was an abuse or improvident exercise of the court's discretion (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]). Given the fatal lateness of the motion to vacate and the lack of an excusable default, it cannot be said that the motion court abused or improvidently exercised its discretion in denying the motion.

Finally, in light of the conclusion that plaintiff failed to proffer a reasonable excuse, it need not be determined whether he offered a potentially meritorious defense to the action (*see Caba v Rai*, 63 AD3d 578, 580 [1st Dept 2009]).

Accordingly, I would affirm the order on the ground that plaintiff's motion was not brought within one year after service of the default order and notice of its entry, and plaintiff failed to present a reasonable excuse for the default.