■ RELIABLE ABSTRACT Co., LLC, Respondent, v 45 JOHN LOFTS, LLC, et al., Defendants, and CHAIM MILLER, Also Known as HARRY MILLER, Appellant. [58 NYS3d 365]—

Orders, Supreme Court, New York County (Barry R. Ostrager, J.), entered June 3, 2016 and June 10, 2016, which denied defendant Chaim Miller's motion to vacate pursuant to CPLR 5015 or 317 an order granting plaintiff a default judgment on liability against him and to dismiss the complaint as against him for lack of personal jurisdiction, unanimously affirmed, with costs.

Defendant failed to establish a lack of personal jurisdiction. He did not flatly deny that any person matching the description in the process server's affidavit of service was in his apartment on the day in question, and therefore he failed to overcome the presumption of proper service created by the affidavit (*see NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz*, 7 AD3d 459 [1st Dept 2004]). The absence of the precise apartment number in the address was not material, since the address as it appeared in the affidavit was one that defendant routinely used as his address in agreements and other docu-

ments, and it was sufficient to be relied on for proper delivery of a document mailed to it (*see e.g. Commercial Bank, N.A. v Logan*, 2008 NY Slip Op 33343[U], *4 [Sup Ct, NY County 2008]).

Defendant failed to establish that his default should be vacated pursuant to CPLR 5015, because he demonstrated no excuse for failing to appear (*see Matter of Lukes Jacob R. [Cynthia R.]*, 148 AD3d 420 [1st Dept 2017]). There is no record support for his argument that he believed this action to be part of "global settlement" talks with various parties. Indeed, the argument is belied by the fact that, during these purported talks, plaintiff continued with the action against him, and he had repeated notice of the proceedings.

Nor did defendant establish that his default should be vacated pursuant to CPLR 317. He failed to rebut plaintiff's showing that he had actual knowledge of this action (*see Lopez v 592-600 Union Ave. Corp.*, 292 AD2d 262, 263 [1st Dept 2002]). Plaintiff submitted proof of some half-dozen mailings of papers in the action to defendant at his proper address. Defendant did not deny that he received those mailings. He merely asserted conclusorily that he was not properly served. Concur—Friedman, J.P., Renwick, Andrias, Moskowitz and Gesmer, JJ.