■ COLEBROOKE THEATRICAL LLP, Respondent, v STEPHANE BIBEAU et al., Appellants, et al., Defendant. [64 NYS3d 512]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about August 8, 2016, which to the extent appealed from, denied the motion of defendants to vacate the default judgment as against Stephane Bibeau and C3 Global Capital HK Limited (C3 Global), unanimously affirmed, with costs.

Bibeau's conclusory denials that service did not occur are insufficient to rebut the presumption of service as detailed in the affidavit of service (see Marston v Cole, 147 AD3d 678, 680 [1st Dept 2017]; Trini Realty Corp. v Fulton Ctr. LLC, 53 AD3d 479 [2d Dept 2008]; Colon v Beekman Downtown Hosp., 111 AD2d 841 [2d Dept 1985]). Nor are they sufficient to require a traverse hearing (see Reem Contr. v Altschul & Altschul, 117 AD3d 583, 584 [1st Dept 2014]). C3 Global was also validly served, pursuant to the Hague Convention and Hong Kong Rules, at its registered office, an office it may not have occupied on the date of service, but nonetheless used (see Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, 20 UST 361, TIAS 6638 [1969]; Declaration of Hong Kong, art 5 [1] [a], https://www.hcch.net/en/states/authorities/details3/?aid=393).

Defendants' arguments pursuant to CPLR 5015 (a) (1) are also without merit. Bibeau's opinion that he had not been properly served, and was thus free to ignore the suit, a copy of which he received in the mail, was not reasonable (see Yao Ping Tang v Grand Estate, LLC, 77 AD3d 822, 823 [2d Dept 2010]). In any event, neither Bibeau, nor C3 Global, presented a meritorious defense to this breach of contract action. Concur—Renwick, J.P., Manzanet-Daniels, Mazzarelli, Kahn and Moulton, JJ.