Thomas v Karen's Body Beautiful LLC (2019 NY Slip Op 00241)





Thomas v Karen's Body Beautiful LLC


2019 NY Slip Op 00241


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8116N 650779/16

[*1] James W. Thomas II, Plaintiff-Respondent,
v
Karen's Body Beautiful LLC, et al., Defendants-Appellants.


Rafiq Kalam Id-Din, Brooklyn, appellant pro se and for Karen's Body Beautiful LLC, Damani Saunderson and Karren Tappin, appellants.
Greenberg Freeman LLP, New York (Sanford H. Greenberg of counsel), for respondent.



Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered December 22, 2017, which denied defendants' motion to vacate a default judgment against them, unanimously affirmed, without costs.
Because defendants do not dispute that the process server's affidavits constituted prima facie evidence of proper service, our review is limited to whether the affidavits submitted by defendants on their motion to vacate were sufficient to raise a triable issue of fact as to service, warranting a traverse hearing. We find that the motion court correctly determined that the affidavits constituted mere conclusory denials, which were insufficient to raise an issue of fact as to proper service.
(Grinshpun v Borokhovich, 100 AD3d 551, 552 [1st Dept 2012], lv denied 21 NY3d 857 [2013]; Colebrooke Theat. LLP v Bibeau, 155 AD3d 581, 581 [1st Dept 2017], lv dismissed 31 NY3d 1137 [2018]; Reliable Abstract Co., LLC v 45 John Lofts, LLC, 152 AD3d 429, 429 [1st Dept 2017], lv dismissed 30 NY3d 1056 [2018]).
The affidavits submitted by defendants failed to dispute any specifics contained in the process server's detailed affidavits. The affidavits did not dispute that the party served was accurately described by the process server or was present at the time of service. Moreover, the affidavits confirmed that the addresses of service were correct. Defendants' contention that the denials of having met the process server or anyone employed by the process serving company raised an issue of fact as to service are unavailing. There is no indication that the process server would have introduced himself by name or identified his employer when delivering the summons.
Because defendants failed to raise an issue of fact as to service, the motion court properly found that it had personal jurisdiction over defendants and denied vacatur under CPLR 5015(a)(4). The only excuse that defendants offered for their default was lack of service; as no issue of fact existed as to service, the motion court also properly found that defendants had failed to offer a reasonable excuse for their default and denied vacatur under CPLR 5015(a)(1). With regard to CPLR 317, defendants failed to rebut the presumption of notice of the action created by the emails and proof of mailings submitted by plaintiff (see Reliable Abstract Co., 152 AD3d at 430).We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK