Green 333 Corp. v RNL Life Science, Inc. (2021 NY Slip Op 00908)





Green 333 Corp. v RNL Life Science, Inc.


2021 NY Slip Op 00908


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Index No. 162629/14 Appeal No. 13116N Case No. 2020-02762 

[*1]Green 333 Corp., Plaintiff-Appellant,
v
RNL Life Science, Inc., Defendant-Respondent.


Hollis Laidlaw & Simon P.C., Mount Kisco (David Simon of counsel), for appellant.
The Law Office of Jeffrey F. Cohen, Bronx (Jeffrey F. Cohen of counsel), for respondent.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered December 5, 2019, which granted defendant RNL Life Science's (RNL) motion to vacate the default judgment and dismiss the complaint, unanimously affirmed, without costs.
"If the defaulting defendant asserts that the court lacked personal jurisdiction over him or her, the defendant should seek dismissal of the action under CPLR 5015(a)(4)" (Caba v Rai, 63 AD3d 578, 580 [1st Dept 2009]). Absent proper service, a default judgment may be vacated at any time (see Roseboro v Roseboro, 131 AD2d 557 [2d Dept 1987]), as it is void (see McMullen v Arnone, 79 AD2d 496, 499 [2d Dept 1981]).
Plaintiff has the burden of proving satisfaction of statutory and due process prerequisites (see Stewart v Volkswagen of Am., 81 NY2d 203, 207 [1993]). By virtue of the return of service, address unknown, the unsigned return receipt, and the absence of a certificate of compliance that process was served pursuant to Business Corporation Law (BCL) § 307, plaintiff failed to establish that it complied with the strict requirements of BCL 307 (see Flannery v General Motors Corp., 86 NY2d 771, 773[1995]; Flick v Stewart-Warner Corp., 76 NY2d 50, 57 [1990]; VanNorden v Mann Edge Tool Co., 77 AD3d 1157, 1159 [3d Dept 2010] ). Furthermore, "notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court" (Landsdowne Fin. Servs. v Binladen Telecommunications Co., 95 AD2d 711, 712 [1st Dept 1983] [internal quotation marks omitted]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021