Gibson, Dunn & Crutcher LLP v D'Anna (2023 NY Slip Op 00057)

Gibson, Dunn & Crutcher LLP v D'Anna

2023 NY Slip Op 00057

Decided on January 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Acosta, P.J., Webber, Moulton, Shulman, Higgitt, JJ. 

Index No. 160471/16 Appeal No. 17057 Case No. 2021-03406 

[*1]Gibson, Dunn & Crutcher LLP, Plaintiff-Appellant,
v
Elio D'Anna, Jr., Defendant-Respondent, Joseph D'Anna, et al., Defendants.

Gibson, Dunn & Crutcher LLP, New York (Mitchell A. Karlan of counsel), for appellant.
Lebedin Kofman, LLP, New York (Michael S. Leinoff of counsel), for respondent.

Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered August 10, 2021, which, to the extent appealed from as limited by the briefs, held in abeyance the determination of defendant Elio D'Anna, Jr.'s motion to vacate a default judgment against him pending the outcome of a traverse hearing on whether the court obtained personal jurisdiction over D'Anna, Jr. in accordance with CPLR 308(2), unanimously affirmed, without costs.
D'Anna, Jr. established his entitlement to a traverse hearing by demonstrating prima facie that he did not live or work at the address where the complaint was served. In addition, the person who purported to accept service for D'Anna, Jr. stated in an affidavit that he was not authorized to do so, despite his statement at the time that he would accept service on behalf of all defendants. We note that the affidavits submitted in support of the motion were sworn by affiants living outside the United States; nonetheless, they were admissible under CPLR 2106(b) even though they were not notarized.
Supreme Court also correctly found that D'Anna, Jr. did not waive the defense of lack of personal jurisdiction, because Gil Santamarina, Esq., the attorney who signed the stipulation that included the waiver, lacked actual or apparent authority to represent him (see Hallock v State of New York, 64 NY2d 224, 231 [1984]; Parlato v Equitable Life Assur. Socy. of U.S., 299 AD2d 108, 112 [1st Dept 2002], appeal denied 99 NY2d 508 [2003]). No hearing on that issue was required. In support of its assertion that Santamarina acted as D'Anna, Jr.'s agent, plaintiff failed to present evidence of conduct or communications by D'Anna, Jr. that provided Santamarina with apparent authority to waive defenses. D'Anna Jr. denied that he gave Santamarina authority to act on his behalf, and an affidavit from defendant Joseph D'Anna supports D'Anna, Jr.'s assertion.
In light of the disruptions caused by the COVID-19 pandemic, Supreme Court providently exercised its discretion in excusing the one-month late filing of the motion. In any event, without proper service, a default judgment may be vacated at any time (see Green 333 Corp. v RNL Life Science, Inc., 191 AD3d 506, 506 [1st Dept 2021]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 10, 2023