Franpo Realty, LLC v Power Furniture Inc. (2023 NY Slip Op 01050)

Franpo Realty, LLC v Power Furniture Inc.

2023 NY Slip Op 01050

Decided on February 23, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 23, 2023

Before: Renwick, J.P., González, Shulman, Rodriguez, Higgitt, JJ. 

Index No. 651022/20 Appeal No. 17405 Case No. 2022-01659 

[*1]Franpo Realty, LLC, Plaintiff-Respondent,
v
Power Furniture Inc., et al., Defendants-Appellants.

Felton & Associates, Brooklyn (Regina Felton of counsel), for appellants.
Katz Melinger PLLC, New York (Adam J. Sackowitz of counsel), for respondent.

Order, Supreme Court, New York County (Kathy J. King, J.), entered on or about October 1, 2021, which granted plaintiff's motion for a default judgment, and denied defendants' cross motion for a traverse hearing and for leave to serve a late answer, unanimously affirmed, without costs.
Supreme Court providently determined that the summons and complaint had been properly served on defendants, and thus the court had personal jurisdiction over them. The affidavits of plaintiff's process servers constituted prima facie proof of proper service on the individual defendants (CPLR 308[2]; e.g. San Lim v MTA Bus Co., 190 AD3d 493, 493 [1st Dept 2021], lv dismissed 37 NY3d 1041 [2021]; JP Morgan Chase Bank v Dennis, 166 AD3d 530, 530 [1st Dept 2018]), and the corporate defendant (CPLR 311[a][1]; Business Corporation Law § 306[b][1]; e.g. Fisher v Lewis Constr. NYC Inc., 179 AD3d 407, 408 [1st Dept 2020]; Gourvitch v 92nd & 3rd Rest Corp., 146 AD3d 431, 431 [1st Dept 2017]). Defendants' conclusory denials of receipt were insufficient to raise an issue of fact, warranting a traverse hearing (e.g. Reliable Abstract Co., LLC v 45 John Lofts, LLC, 152 AD3d 429, 429 [1st Dept 2017], lv dismissed 30 NY3d 1056 [2018]; Grinshpun v Borokhovich, 100 AD3d 551, 552 [1st Dept 2012], lv denied 21 NY3d 857 [2013]; Colebrooke Theat. LLP v Bibeau, 155 AD3d 581, 581 [1st Dept 2017], lv dismissed 31 NY3d 1137 [2018]).
Supreme Court properly declined to extend defendants' time to appear because defendants failed to articulate a reasonable excuse for their default (see CPLR 3012[d]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 23, 2023