Harrison v Schottenstein (2024 NY Slip Op 03418)

Harrison v Schottenstein

2024 NY Slip Op 03418

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-04889
 (Index No. 708951/17)

[*1]Elissa Harrison, respondent, 
v
Douglas Schottenstein, etc., appellant.

Richard Bruce Rosenthal, Huntington Station, NY, for appellant.
Becker & D'Agostino, P.C., New York, NY (Nancy I. Margolin of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered June 8, 2022. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 317 and 5015(a) to vacate a judgment of the same court dated January 7, 2020, which, upon an order of the same court entered April 23, 2018, granting the plaintiff's unopposed motion for leave to enter a default judgment, and after an inquest on the issue of damages, is in favor of the plaintiff and against the defendant in the total sum of $2,128,623.80 or, in the alternative, for a hearing to determine the validity of service of process upon the defendant.
ORDERED that the order entered June 8, 2022, is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for a hearing to determine the validity of service of process upon him is granted, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine the validity of service of process upon the defendant and for a new determination thereafter of that branch of the defendant's motion which was pursuant to CPLR 317 and 5015(a) to vacate the judgment.
In June 2017, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice. According to an affidavit of service of the plaintiff's process server, the defendant was served on July 27, 2017, at 10:16 a.m., at the defendant's actual place of business, by delivery of a copy of the summons and complaint to an Asian female between 5'4" and 5'7" weighing 130 to 150 pounds and between the ages of 22 and 35 named "Pearl Unan." The defendant did not appear or answer the complaint. In an order entered April 23, 2018, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment. On January 7, 2020, following an inquest on the issue of damages, a judgment was entered in favor of the plaintiff and against the defendant in the total sum of $2,128,623.80.
The defendant moved, inter alia, pursuant to CPLR 317 and 5015(a) to vacate the judgment or, in the alternative, for a hearing to determine the validity of service of process upon him. In support of the motion, the defendant argued that he was never served with the summons and complaint and that he did not employ anyone named "Pearl Unan" or anyone who matched the description of the person named in the affidavit of service. In an order entered June 8, 2022, the [*2]Supreme Court, among other things, denied those branches of the defendant's motion. The defendant appeals.
The Supreme Court erred in denying that branch of the defendant's motion which was to vacate the judgment without holding a hearing to determine the validity of service of process. CPLR 317 and 5015(a)(1) allow a defendant against whom a default judgment has been rendered to move to vacate that default. The defendant moved to vacate the judgment pursuant to those statutes. CPLR 317 provides that a person served with a summons other than by personal delivery to him or her or to his or her agent for service designated under CPLR 318, who does not appear may be allowed to defend the action within one year after he or she obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a finding of the court that he or she did not personally receive notice of the summons in time to defend and has a meritorious defense. Thus, this statute is available only to a defendant who (1) was served by a method other than personal delivery, (2) moves to vacate the judgment within one year of learning of it (but not more than five years after entry), and (3) demonstrates a potentially meritorious defense to the action. By contrast, CPLR 5015(a)(1) is available to any defendant against whom a default judgment was entered, provided that the defendant can demonstrate both a reasonable excuse for the default and a potentially meritorious defense and moves for relief within one year after service on him or her of the default judgment with notice of entry (see Caba v Rai, 63 AD3d 578, 579-580).
Both CPLR 317 and 5015(a)(1) assume personal jurisdiction exists over the defaulting defendant and provide that party with an opportunity to open the default and contest the merits of the plaintiff's claim. Here, in addition to moving to vacate the default pursuant to CPLR 317 and 5015(a)(1), the defendant argued that the plaintiff had failed to properly serve the summons and complaint on the defendant and therefore the court lacked personal jurisdiction over him. That jurisdictional question must be resolved before determining whether it is appropriate to grant a discretionary vacatur of the default under CPLR 317 or 5015(a)(1) (see Caba v Rai, 63 AD3d at 581 n 1; Pinpoint Tech., LLC v Egan, 42 Misc 3d 146[A], 2014 NY Slip Op 50356[U] [App Term, 2d Dept, 11th & 13th Jud Dists]). Absent proper service, a default judgment may be vacated at any time (see Green 333 Corp. v RNL Life Science, Inc., 191 AD3d 506, 506; Lull v Van Tassell, 171 AD3d 1155, 1156). The failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void (see Lull v Van Tassell, 171 AD3d at 1157-1158; Itshaik v Singh, 165 AD3d 902, 903). If the Supreme Court lacked personal jurisdiction over the defendant, he was entitled to an unconditional dismissal of the complaint (see Caba v Rai, 63 AD3d at 581 n 1).
A process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service. A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit (see Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 997-998; Burekhovitch v Tatarchuk, 99 AD3d 653, 653). However, where there is a sworn, nonconclusory denial of service by a defendant, the affidavit of service is rebutted and the plaintiff must establish jurisdiction by a preponderance of the evidence at a hearing (see Wells Fargo Bank, N.A. v Singh, 204 AD3d 732, 733; Nationstar Mtge., LLC v Stroman, 202 AD3d 804, 807; Eastern Sav. Bank, FSB v Campbell, 167 AD3d 712, 714). In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service (see Wilmington Sav. Fund Socy. v Brotherson, 221 AD3d 1053; Deutsche Bank Natl. Trust Co. v Hossain, 187 AD3d 986, 987; Lull v Van Tassell, 171 AD3d at 1157).
Here, the affidavit of service constituted prima facie evidence of proper service. In moving, inter alia, to vacate the judgment, the defendant did not merely make a conclusory denial of service, but provided specific, detailed facts that contradicted the affidavit of service. The defendant denied having an employee who had the same name or matched the physical description as the individual allegedly served, "Pearl Unan." Moreover, the defendant stated that at the time of the alleged service his office was closed and there was no one at his reception desk. The defendant's sworn, nonconclusory denial of service was sufficient to dispute the veracity or contents of the affidavit, requiring a hearing (see NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d 459, [*3]459). Furthermore, the affidavits of Alexis Malone and Scott Sachs, who were employed by the defendant, also provided specific and detailed facts that contradicted the affidavit of service.
In light of the sharp factual disputes as to the validity of service upon the defendant, the Supreme Court erred in failing to resolve this threshold issue of personal service with a hearing (see Finkelstein Newman Ferrara LLP v Manning, 67 AD3d 538, 539; NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d at 460).
Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing to determine the validity of service of process upon the defendant and a new determination thereafter of that branch of the defendant's motion which was pursuant to CPLR 317 and 5015(a) to vacate the judgment.
BARROS, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court