Talk of the Town Realty Corp. v New Point Estate Family Ltd. Partnership (2024 NY Slip Op 04586)

Talk of the Town Realty Corp. v New Point Estate Family Ltd. Partnership

2024 NY Slip Op 04586

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-00557
 (Index No. 500371/13)

[*1]Talk of the Town Realty Corp., appellant, 
v
New Point Estate Family Limited Partnership, et al., respondents, et al., defendants.

Held & Hines, LLP, Brooklyn, NY (Matthew Grosso of counsel), for appellant.
Tsyngauz & Associates, P.C., New York, NY (Ryan C. Banich of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated November 19, 2020. The order, insofar as appealed from, in effect, granted those branches of the motion of the defendants New Point Estate Family Limited Partnership, Miron Fayngersh, and Raisa Fayngersh which were pursuant to CPLR 5015(a)(4) to vacate their default in answering the complaint and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2013, the plaintiff, a real estate broker, commenced this action against the defendants New Point Estate Family Limited Partnership (hereinafter New Point), Miron Fayngersh, and Raisa Fayngersh (hereinafter together the Fayngershes, and collectively with New Point, the New Point defendants), as well as the defendants Cornerstone Real Estate and Management Corp., Vadim Nakhamiyayev, and Beata Agarunova (hereinafter collectively the Cornerstone defendants), inter alia, to recover damages for breach of a real estate brokerage contract. The New Point defendants failed to answer the complaint.
An inquest was scheduled for April 6, 2020. The New Point defendants then moved, inter alia, to stay the inquest, pursuant to CPLR 5015(a)(4) to vacate their default in answering the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction on the ground that they were never served with the summons and complaint. They also alleged that they never retained the attorney for the Cornerstone defendants, Bernard Alter, as their attorney. The plaintiff opposed, contending that New Point and the Fayngershes, who are the general partners of New Point, waived the defense of lack of personal jurisdiction via a stipulation entered into on their behalf by Alter.
In an order dated November 19, 2020, the Supreme Court, inter alia, in effect, granted those branches of the New Point defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate their default in answering the complaint and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. The plaintiff appeals.
The Supreme Court correctly determined that the New Point defendants did not waive the defense of lack of personal jurisdiction, since Alter lacked actual or apparent authority to represent them. In support of their motion, the New Point defendants each averred that they never retained Alter as their attorney, and Alter himself affirmed that he represented only the Cornerstone defendants in this action, not the New Point defendants, as evidenced by various post-stipulation documents. In opposition, the plaintiff failed to present evidence of any conduct or communications by the New Point defendants that provided Alter with the authority to act on their behalf (see Gibson, Dunn & Crutcher LLP v D'Anna, 212 AD3d 438, 439).
Next, the Supreme Court properly granted those branches of the New Point defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate their default in answering the complaint and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. In support of their motion, the New Point defendants averred that they were never served with the summons and complaint. "On this point, the affidavit of service of a process server generally constitutes prima facie evidence of proper service" (2004 McDonald Ave. Corp. v KGYM Holdings Group, Inc., 165 AD3d 614, 615). Here, there are no affidavits of service of the summons and complaint upon the New Point defendants on file with the court. In opposition to the New Point defendants' motion, the plaintiff failed to produce any such affidavits of service or otherwise to refute the New Point defendants' claim that they were not served with process.
The plaintiff's remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court