Matter of John F.B. v Maria U. (2025 NY Slip Op 06905)

Matter of John F.B. v Maria U.

2025 NY Slip Op 06905

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Kern, J.P., Friedman, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Case No. 2024-07465|Docket No. V-02301/23/23A|Appeal No. 5286|

[*1]In the Matter of John F.B., Petitioner-Respondent,
v
Maria U., Respondent-Appellant.

Green Kaminer Min & Rockmore LLP, New York (Richard Min of counsel), for appellant.
Fersch LLC, New York (Patricia Fersch of counsel), for respondent.
Karen Freedman, Lawyers For Children, Inc., New York (Shirim Nothenberg of counsel), for the child.

Order, Family Court, New York County (Stephanie Schwartz, J.), entered November 4, 2024, which denied respondent mother's motion to dismiss the father's petition and to vacate an order, same court and Justice, dated June 21, 2023, granting, upon the mother's default, the father's petition to modify a Minnesota Stipulation and Custody Order dated March 18, 2013, and awarding the father sole legal and physical custody of the subject child, without visitation, unanimously reversed, on the law, without costs, the matter dismissed for lack of personal jurisdiction, and all prior determinations, including the determination to award the father sole legal and physical custody of the subject child, are hereby vacated as null and void.
The Family Court lacked personal jurisdiction over the mother because the March 20, 2023 order to show cause, signed by another jurist, which directed the father to serve the mother by "email" and by "initiating international service . . . through the U.S. Central Authority," was not compliant with Domestic Relations Law § 75-g.[FN1] That statute requires that notice be given by personal delivery or by any form of mail requesting a receipt and that the court may only direct an alternative form of service upon a finding that "service is impracticable" by personal delivery or by mail. However, the father's motion papers contained no indication that personal service or service by any form of mail requesting a receipt was "impracticable" (Domestic Relations Law § 75-g[1][c]). Therefore, the Family Court erred in directing service by email and the court never acquired personal jurisdiction over the mother by the email service that was effectuated.[FN2] The father claims that the mother was personally served on or about April 11, 2023. However, the record contains no affidavit of service on the mother. The father's assertion in his brief that the mother destroyed evidence of service does not establish that lawful service was made, as it was his responsibility to prove that service was properly carried out in the first place (see Persaud v Teaneck Nursing Ctr., 290 AD2d 350, 351 [1stDept 2002]). Moreover, the fact that the mother became aware of the proceeding at some point in April 2023 does not confer jurisdiction if there has not been compliance with the statutorily prescribed methods of service of process (see Matter of E.R. v S.C., 222 AD3d 452, 453 [1st Dept 2023]; Green 333 Corp. v RNL Life Science, Inc., 191 AD3d 506, 507 [1st Dept 2021] ["notice received by means other than those authorized by statute cannot serve to bring a defendant within the jurisdiction of the court"] [internal quotation marks omitted]).
As the father has not established that lawful service was made on the mother, Supreme Court never acquired personal jurisdiction over her. Therefore, the matter must be dismissed and all prior determinations vacated as null and void (CPLR 3211[a][8]; see McNaughton v RY Mgt., Inc., 105 AD3d 416, 417 [1st Dept 2013]; Cipriano v Hank, 197 AD2d 295, 298 [1st Dept 1994]; Matter of Lorna Y. v Jeffrey Z., 185 AD3d 1235 [3d Dept 2020]).
In view of the foregoing, we need not reach the parties' remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025

Footnotes

Footnote 1: (Domestic Relations Law 75-g ["Notice to persons outside the state"]) provides:
1. Notice required for the exercise of jurisdiction when a person is outside this state shall be given in a manner prescribed by the law of this state for service of process, as provided in paragraph (a), (b) or (c) of this subdivision, or by the law of the state in which the service is made, as provided in paragraph (d) of this subdivision. Notice must be given in a manner reasonably calculated to give actual notice. If a person cannot be served with notice within the state, the court shall require that such person be served in a manner reasonably calculated to give actual notice, as follows:
(a) by personal delivery outside the state in the manner prescribed by section three hundred thirteen of the civil practice law and rules; or
(b) by any form of mail requesting a receipt; or
(c) in such manner as the court, upon motion, directs, including publication, if service is impracticable under paragraph (a) or (b) of this subdivision; or
(d) in such manner as prescribed by the law of the state in which service is made.
2. Proof of service outside the state shall be by affidavit of the individual who made the service, or in the manner prescribed by the order pursuant to which service is made. If service is made by mail, proof may be by a receipt signed by the addressee or other evidence of delivery to the addressee. Proof of service may also be in the manner prescribed by the law of the state in which the service is made.
3. Notice is not required for the exercise of jurisdiction with respect to a person who submits to the jurisdiction of the court."

Footnote 2: Several Family Court transcripts were submitted to the Court after the appeal was perfected. They indicate that on the March 23, 2023 return date, the father's counsel informed the jurist who signed the order to show cause that she sent the papers to two email addresses for the mother and had begun the process for international service through the US Central Authority. Family Court did not find that service was complete, declined to take jurisdiction, and orally directed personal service on the mother who was living in Chile. The court adjourned the matter for proof of personal service and, given that the mother had been living in Chile with the child and the existence of a prior order granting the mother sole physical custody, proof that the father had filed appropriate papers in the appropriate court in Chile. At the subsequent appearance on April 11, 2023, Family Court accepted affidavits of attempted service from the father stating that a process server went to the mother's home in Chile on April 5, 2023 and April 6, 2023 but service was not completed. The father's counsel also indicated to the court that she had again emailed the mother along with a Spanish translation of the papers. After considering the additional attempts at personal service and the father's counsel's emails to the mother to an address that the father had frequently used to communicate with her, Family Court dispensed with the need for further service attempts and indicated that it was satisfied that all due diligence was made to serve her. Family Court accepted emergency jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act, appointed an attorney to represent the child, and issued a temporary order of sole physical and legal custody to the father to permit him to enroll the child in school and mental health services, and take action and authority as the custodial parent.